THOMAS B. WYMAN & wife *vs.* PEOPLE'S EQUITY INSURANCE COMPANY.

An application by a mortgagee in possession for insurance "on dwelling-house," which contains no direct question or statement as to his title, but, in reply to a question as to incumbrances, states as follows: "First mortgage to M. W. (the name of the plaintiff), entered October 1855"; and, in reply to a question whether the property is insured, states as follows: "Not on first mortgagee's interest"; does not disclose such a want of true representation of the title of the applicant as to avoid the policy, although the by-laws require him to state his true title.

A notice to an insurance company claiming for a total loss of a wooden dwelling-house, without mentioning the stonework and bricks which were left unconsumed, is a sufficient compliance with a by-law which requires the insured, in case of partial loss, to state the amount of damage done, and the value of such parts as remain.

CONTRACT upon a policy of insurance. At the trial in this court, before *Hoar,* J., it appeared that in the application, dated October 5 1857, Mary Wyman, the female plaintiff, requested insurance in the sum of $1500 " on dwelling-house " in Quincy, valued at $2500, and built of wood. The application contained the following questions and answers : " 10. Is the property in-

cumbered, and to what amount?" *Ans.* "First mortgage to M Wyman, $1500 (entered October 1855). Second mortgage to Joseph Hunt, $1200, May 16 1854, 3 years. *Vide* Norfolk Deeds, vol. 231, p. 131 ; vol. 226, p. 311." "11. Is the property insured?" *Ans.* "Not on first mortgagee's interest; not known to be by any other concern." The promise of indemnity in the policy was made "subject to the provisions and conditions of the charter and by-laws of said corporation." The policy also stated that the company would rely upon a lien on the property covered by it, to secure the payment of assessments which might be made. Article 17 of the by-laws, annexed to the policy, was as follows: "Any policy issued by this company shall be void, unless the true title of the insured in the property be expressed in his application for insurance." Article 14 required the insured, in case of loss, to "deliver to the president or secretary a particular account in writing under oath, stating the value of the property lost, the nature and value of his interest therein, and, if a partial loss, the amount of damage done," "and the value of such parts as remain"; and provided that the insurance should not be payable until this was done. The property insured was destroyed by fire on the 27th of August 1858; and the female plaintiff gave seasonable notice thereof to the defendants, stating that the property was at that time consumed by fire, and was a total loss; that the estimated value thereof was $2500 ; and that her title was that of holder of a mortgage thereon of $1500, on which she had taken possession, for the purpose of foreclosure, on the 18th of October 1855. The defendants contended that this notice disclosed a want of true representation of the title of the assured in her application ; and that it did not comply with article 14 of the by-laws, because it claimed a total loss, without allowing for the value of the stone-work of the building, and of the bricks of the walls and chimneys, which were left after the fire. Evidence was taken of the value of these materials, and submitted to the jury, who found it to be $108.75 ; but, under the instructions of the court, a general verdict was returned for the plaintiffs, and the defendants alleged exceptions.

*B. F. Butler & W. P. Webster,* for the defendants.

*P. Willard,* for the plaintiffs.

DEWEY, J.   In defence of the present action two grounds are relied upon : 1. That there was in the application such a want of true representation of the title of the assured to the property as avoids the policy.   2. That the notice of the loss was not in accordance with the by-laws ; and that, by reason of want of due notice, the right to maintain this action fails.

As to the first objection, it is not contended that there was any false representation, or any false answer given in response to any question in the series propounded by the company in the application.   Had there been any such, under our decisions the policy must have been held invalid.

The sole question here is, whether this policy is void by reason of article 17 of the by-laws of the company, declaring " any policy issued by this company shall be void, unless the true title of the insured in the property be expressed in his application for insurance."   Corresponding with this provision, we might have expected to find some interrogatory put to the applicant, calling for an answer as to his title in the property.   But such is not the case.   The further inquiry then is as to the manner in which the title is stated, and whether the true title is not sufficiently expressed.   The true title of the insured was that of a first mortgagee, for the sum of $1500 — the condition of the mortgage having been broken, and the mortgagee having entered for foreclosure two years previous to the making of the policy.   It is to be remarked that the applicant nowhere describes the property as her own absolutely.   The application is for an insurance " on dwelling-house."

In answer to the first inquiry bearing on the title (interrogatory 10), " Is the property incumbered, and to what amount ? " the answer is : " First mortgage to M. Wyman," (the name of the plaintiff,) " $1500, entered October 1855."   To the 11th interrogatory, " Is the property insured ? " the answer is, " Not on first mortgagee's interest ; not known to be by any other concern."   These answers, taken in connection with the fact that there is no other statement of the interest of the applicant to control or modify

it, or calculated to mislead, must be deemed to represent the interest of the applicant truly, and to apprise the company that she was not the absolute owner in fee simple. If they were not sufficiently full, it was the duty of the company to require further and fuller statements. Had the nature of the interest been stated untruly, the by-law might properly be set up in bar of the plaintiff's right of recovery. But such was not the case, and this ground of defence must fail.

2. The objection to the form of the notice is then to be considered. The objection to this, as stated in the report of the case, is that a total loss was therein claimed, and no statement was made of the value. or amount of the materials not destroyed by the fire, consisting of the bricks of the walls and chimneys and stonework of the building. We think the statement of the loss was sufficient; certainly so, if not objected to on that account and a more particular statement required. The notice stated that the building was consumed by fire on the 27th of August 1858, and was a total loss. That was true; and the omission of the fact, that the brick chimneys and the stonework of the building were not burned up, could hardly be said to mislead the insurers of a wooden building, as this was stated in the policy to be. It is said that article 14 of the by-laws required that the notice should state " the value of such parts as remain." We can hardly think this provision applicable to a case of entire destruction of the building insured, leaving nothing but bricks and stone, such as were left in the present case. But the entire features of the case show that it would have been entirely useless to the insurers to have had the statement as to these articles. The value of the building insured was $2500; the claim for insurance was $1500, which was the sum insured, and this sum was recoverable; and the fact, that brick and stone to the value of $108.75 remained unconsumed by the fire, was wholly immaterial. We are of opinion that this defence, of want of more full statement of the value of the bricks and stone remaining after the building itself was totally consumed by fire, should not, under the facts found in the present case, avail the defendants.                                    *Exceptions overruled.*